**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Cox, | No. CV-20-00152-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Global Tool Supply LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Global Tool Supply LLC ("Global Tool") and Bill Rozakis ("Rozakis") (collectively, "Defendants")' Motion to Dismiss. (Doc. 20.) For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Nicole Cox was formerly employed by Global Tool as a part-time receptionist. While working at Global Tool Plaintiff claims to have been subjected to explicit and inappropriate comments by her supervisor Rozakis. For example, on at least one occasion, Rozakis asked Plaintiff to be his "sugar baby." Plaintiff alleges she was forced to quit because she no longer felt comfortable going into the office. Plaintiff brings this suit alleging violations of Title VII of the Civil Rights Act of 1964 (Count I) and the Arizona Civil Rights Act (Count II). She also brings claims of constructive discharge (Count III) and intentional infliction of emotional distress (Count IV). Defendants move to dismiss Plaintiff's Arizona Civil Rights Act and constructive discharge claims as untimely

and further argue that Plaintiff failed to adequately allege sufficient facts to state a claim under Title VII or for intentional infliction of emotional distress.

Notably, Defendants previously filed a motion to dismiss with this Court that was dismissed for failure to comply with the conferral requirements of LRCiv 12.1(c). While the parties dispute whether the requirements imposed by LRCiv 12.1(c) were satisfied with respect to the present motion, they seem to agree that at least some conversation regarding this Motion took place before this Motion was filed. Thus, the Court will address this Motion on its merits.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### II. Analysis

#### A. Title VII

Defendants argue that Plaintiff's claim under Title VII fails as a matter of law because she failed to allege that either of the Defendants fall within the statutory definition of an "employer"—an essential element of her claim. For purposes of Title VII, an employer is defined as a "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks

in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Plaintiff does not dispute that she failed to allege that Defendants had fifteen or more employees; instead, she claims that she is "not required to state every fact in her complaint." (Doc. 21 at 7.) She further asserts that alleging Title VII "makes it 'an unlawful employment practice for an employer' to 'discriminate against any individual . . . because of such individual's . . . sex,'" (Doc.1 at 5), sufficiently pleads the applicability of Title VII. Contrary to Plaintiff's assertion, failing to plead the employee numerosity requirement is grounds for dismissal. *See Carey v. Local 612 Int'l Union of Operating Engineers*, 210 Fed. Appx. 564, 565 (9th Cir. 2006) (affirming the dismissal of the plaintiff's ADA claim for failing to allege that her employer had fifteen or more employees); *c.f. Hadley v. Stout,* No. CV-14-08205-PCT-SRB, 2015 WL 12941878, at *3 (D. Ariz. Apr. 13, 2015) (explaining that a pro se plaintiff sufficiently plead a claim under the ADA when she relied on the ADA *and* alleged that her employer employed twenty-six employees).[1] As a result, Plaintiff's Title VII claim (Count One) is dismissed.

### B. Arizona Civil Rights Act

Defendants next argue that Plaintiff's claim under the Arizona Civil Rights Act is untimely. As a prerequisite to bringing suit, A.R.S. § 41-1481 requires a plaintiff to file a charge with the EEOC and/or Arizona Attorney General "within 180 days after the alleged unlawful employment practice occurred." Failure to timely comply with A.R.S. § 41-1481 bars the claim. *See Ornelas v. Scoa Indus., Inc.*, 120 Ariz. 547, 548, 587 P.2d 266, 267 (Ct. App. 1978). Federal law similarly demands that a prospective plaintiff file a charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). This deadline, however, is extended to 300 days in deferral states, like Arizona, if the proceedings are initially instituted with the state agency. *Id.*

The parties do not dispute that Plaintiff filed the required charge 222 days after the alleged unlawful employment practice. Plaintiff argues that the charge was timely filed

---

[1] This Court has recognized that the pleading standards for the ADA and Title VII employee numerosity requirements inform each other. *Hadley v. Stout*, No. CV-14-08205-PCT-SRB, 2015 WL 12941877, at *3 (D. Ariz. Feb. 24, 2015) (collecting cases).

because Arizona is a deferral state resulting in an operative filing period of 300 days. Plaintiff relies on *Rush-Shaw v. USF Reddaway, Inc.*, No. CV-12-0941-PHX-JAT, 2013 WL 3455723, at *3 (D. Ariz. July 9, 2013) to support her argument. However, unlike Plaintiff, who brings both state and federal discrimination claims, the plaintiff in *Rush-Shaw* brought only a federal claim. The parties agree that Arizona's status as a deferral state extends the deadline to file a charge *for federal claims* to 300 days. *See E.E.O.C. v. Commercial Office Prod. Co.*, 486 U.S. 107, 123–25 (1988) (holding that, in deferral states, late filing with the state does not bar a plaintiff from timely filing their federal claim within the extended 300-day period). Plaintiff, however, fails to provide any authority suggesting that Arizona's status as a deferral state has any impact on Arizona's 180-day deadline for state law claims. *See Id.* (distinguishing between the state and federal filing periods in deferral states). As a result, Plaintiff's Arizona Civil Rights Act claim (Count II) is untimely.

"Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 87, 170 P.3d 691, 697 (Ct. App. 2007). However, the facts necessary to support equitable tolling must be alleged in the complaint. *Ranch Realty, Inc. v. DC Ranch Realty*, LLC, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007) ("A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (quoting *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Plaintiff's complaint is devoid of any such allegations. To the extent Plaintiff provides an explanation for her delay, it is raised for the first time in her response to Defendants' motion. As a result, Plaintiff has not alleged sufficient facts to warrant equitable tolling of her claim. However, Plaintiff's state law claim is dismissed without prejudice to provide Plaintiff the opportunity to adequately plead her "inequitable circumstances" to the extent they existed.

### C.     Constructive Discharge

Under Arizona law, the statute of limitations for a constructive discharge claim under A.R.S. § 23-1502 is one year from the date on which the cause of action accrues. *See* A.R.S. § 12-541(5). "[A] plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts of the underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.,* 182 Ariz. 586, 588, 898 P.2d 964, 966 (1995). The pertinent facts for accrual are the "what and who elements of causation." *Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (Ct. App. 1988).

Plaintiff alleged to have quit her job on October 31, 2018 as a direct consequence of Rozakis' alleged conduct. It is not disputed that Plaintiff was aware of the facts underlying her constructive discharge claim by the date of her resignation. As a result, Plaintiff had until November 1, 2019 to bring her claim within the appropriate statute of limitations. Because her complaint was not filed until January 21, 2020, her claim is untimely. Again, Plaintiff fails to provide any allegations or authority warranting the tolling of her claim. Accordingly, Count III is dismissed.

### D.     Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED") Plaintiff must allege, among other things, that Defendant Rozakis' conduct was "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." *Cluff v. Farmers Ins. Exchange*, 10 Ariz. App. 560, 562, 460 P.2d 666, 668 (1969). Plaintiff alleges that Rozakis intentionally caused Plaintiff emotional distress by inviting her to be his "sugar baby," regularly making inappropriate comments regarding his sex life, and making racial slurs. Plaintiff further alleges that as a direct result of Rozakis' alleged conduct, she felt so "distraught" that she quit her job and experienced emotional breakdowns.

Rozakis asserts that these allegations, even accepted as true, simply fail to constitute extreme or outrageous conduct. Rozakis, however, has not cited any cases that determine,

at the motion to dismiss stage, that allegations of sexually harassing conduct are insufficient to state a claim of IIED. Absent clear authority to the contrary, the Court concludes that a reasonable mind could determine that the alleged conduct is sufficiently outrageous to state a claim for IIED. Because Plaintiff has alleged sufficient facts to satisfy the notice pleading standard of Rule 8, Defendants' Motion to Dismiss Plaintiff's IIED claim is denied.

### E. Alter Ego Liability

Plaintiff seems to allege that Global Tool's liability, if any, should extend to Rozakis through alter ego liability. However, the only remaining claim, Count IV, appears to be asserted against Rozakis in his individual capacity. Thus, the Court need not reach Defendants' argument that Plaintiff failed to adequately plead this theory of liability.

### F. Attorneys' Fees

Because Plaintiff's federal and state law harassment claims are dismissed, Defendants also request attorneys' fees as the prevailing party pursuant to 42 U.S.C. § 2000e-5(k) and A.R.S. § 41-1481(J). Attorneys' fees awards to prevailing defendants on claims under Title VII and ARS § 41-1481 are governed by the same standard—the court may award attorney fees only if it finds that the plaintiff's action was frivolous, unreasonable, or without foundation. *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011). Finding Plaintiff's claims, though untimely, not frivolous or unreasonable, the Court declines to award Defendants attorneys' fees.

### CONCLUSION

Plaintiff's Arizona Civil Rights Act (Count II) and constructive discharge claim (Count III) are dismissed as untimely. Plaintiff's Title VII claim (Count I) is similarly dismissed for failure to allege the employee-numerosity element of her claim. All dismissed claims are dismissed without prejudice. Plaintiff has, however, sufficiently alleged a claim against Defendant Rozakis for IIED (Count IV). Accordingly,

**IT IS HEREBY ORDERED** that Defendants Global Tool Supply LLC and Bill Rozakis' Motion to Dismiss (Doc. 20) is **GRANTED** in part and **DENIED** in part as

follows:

1. Counts One, Two, and Three of the Complaint (Doc. 1) are dismissed against both Defendants without prejudice.

2. Defendants' Motion is denied with respect to Count IV.

Dated this 4th day of August, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge