**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Cox, <br><br> Plaintiff, <br><br> v. <br><br> Global Tool Supply LLC, et al., <br><br> Defendants. | No. CV-20-00152-PHX-GMS <br><br> **ORDER** |

Pending before the Court is Plaintiff Nicole Cox's ("Cox") Motion to Amend Complaint (Doc. 36.) For the following reasons, the Motion is granted.

## BACKGROUND

On January 21, 2020, Cox filed suit against Defendants Global Tool Supply LLC ("Global Tool") and Bill Rozakis ("Rozakis") (collectively, "Defendants") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Arizona Civil Rights Act ("ACRA"), constructive discharge, and intentional infliction of emotional distress ("IIED"). Defendants subsequently moved to dismiss Cox's complaint. On August 4, 2020, the Court dismissed Cox's Title VII, ACRA, and constructive discharge claims without prejudice and denied Defendants' request to dismiss Cox's IIED claim. (Doc. 27.) Cox filed this motion on October 12, 2020 to amend her complaint.

/ / /

# DISCUSSION

## I. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when "justice so requires." Fed. R. Civ. P. 15(a). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend lies within "the sound discretion of the trial court"; however, this Circuit has instructed that Rule 15's policy favoring amendment "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The party opposing amendment bears the burden of establishing futility or one of the other permissible reasons for denying a motion to amend. *Angel Jet Servs., L.L.C. v. Raytheon Health Benefits Plan*, No. 2:10-CV 01385-PHX-JAT, 2011 WL 744917, at *2 (D. Ariz. Feb. 25, 2011).

## II. Analysis

### a. Futility

"[L]eave to amend may be denied . . . if amendment of the complaint would be futile." *Dakota Territory Tours ACC v. Sedona-Oak Creek Airport Auth. Inc.*, 383 F. Supp. 3d 885, 899 (D. Ariz. 2019) (quoting *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)). "A proposed amendment is futile if it fails to state a cognizable claim and would be subject to dismissal under Rule 12(b)(6)." *Simms v. DNC Parks & Resorts at Tenaya, Inc.*, No. 1:13-CV-2075 SMS, 2015 WL 1956441, at *2 (E.D. Cal. Apr. 29, 2015) (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678. In the futility context, however, all inferences should be made in favor of granting leave to amend. *Angel Jet Servs.,* 2011 WL 744917, at *2 (citing *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir.1999)).

  Cox and Rozakis analyze whether Cox has stated a cognizable ACRA claim in the proposed amended complaint under federal equitable tolling rules; however "[w]here a district court applies or borrows a state statute of limitations, it is also required to apply the state's equitable exceptions, to the extent these are consistent with federal law." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988). Under federal law, the equitable tolling doctrine is applied "sparingly" in "extreme cases" on a "case-by-case analysis." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992). Accordingly, "[c]ourts have been generally unforgiving . . . when a late filing is due to a claimant's failure to exercise due diligence in preserving his legal rights." *Id.* at 268 (citation omitted). Under Arizona law, equitable tolling allows plaintiffs to extend an expired limitations period "if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 87, 170 P.3d 691, 696 (Ct. App. 2007). As both rules require exceptional circumstances, Arizona's equitable tolling rules apply in this case. *See, e.g.*, *Reed v. Pioneer Landscaping Materials Inc.*, No. CV 09-593-TUC-RCC, 2010 WL 11515553, at *2 (D. Ariz. Nov. 19, 2010).

  ACRA requires that plaintiffs file a charge with the Equal Employment Opportunity Commission ("EEOC") and/or Arizona Attorney General "within [180] days after the alleged unlawful employment practice occurred." A.R.S. § 41–1481. For federal claims in deferral states, like Arizona, the deadline is 300 days. 42 U.S.C. § 2000e-5(e)(1). In her proposed amendments, Cox alleges that when she spoke with the EEOC, which is "an entity with a file sharing agreement with the State of Arizona," she was told that she had 300 days to file her charge. (Doc. 36–1 at 25–26.) Cox subsequently filed her charge within the 300 days, but not 180 days. *Id.* ¶ 29. Drawing all reasonable inferences in favor

of Cox, it is plausible Cox was given incomplete information on the correct filing date. *See Kyles v. Contractors/Engineers Supply, Inc.*, 190 Ariz. 403, 406–07, 949 P.2d 63, 66–67 (Ct. App. 1997) (applying equitable tolling where the plaintiff relied on an incorrect deadline in his right-to-sue notice). Accordingly, the Court finds that Cox has sufficiently alleged equitable tolling to amend her complaint.[1]

### b. Relation Back

Cox had 90 days to file her Title VII and ACRA claims after receiving her right-to-sue letter on October 24, 2019. 42 U.S.C. § 2000e–5(f)(1); A.R.S. § 41–1481(d). The parties do not dispute that Cox's original complaint falls within this time requirement, but Rozakis argues that Cox should not be allowed to amend her Title VII and ACRA claims because the reasserted claims cannot relate back to the original complaint. (Doc. 41 at 3.)

Federal Rule of Civil Procedure 15(c) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—*or attempted to be set out*—in the original pleading." (emphasis added). "[A]mendment of a complaint is proper if the original pleading put the defendant on notice of the particular transaction or set of facts that the plaintiff believes to have caused the complained of injury." *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988) (citation omitted).

In the August 4 Order, the Court dismissed Cox's Title VII claim because she failed to allege that Defendants had fifteen or more employees, as required by 42 U.S.C. § 2000e(b), and dismissed her ACRA claim because the claim is untimely and Cox had not alleged grounds for equitable tolling in her original complaint. (Doc. 27 at 2–4.) In her proposed amended complaint, Cox asserts the same claims but alleges facts to address these deficiencies. As no new cause of action is alleged and Rozakis was aware of the factual

---

[1] Defendant argues that, based on the law of the case doctrine, the Court should deny Plaintiff's ability to amend the original complaint as to the date the charge was filed with the EEOC. (Doc. 41 at 5.) Although Plaintiff amends her original complaint to state that she filed with the EEOC on March 19, 2019, she still alleges that the charge of discrimination was completed on June 10, 2019, the same date agreed to by the parties in their motion to dismiss briefings. (Doc. 36–1 ¶¶ 24, 28.) Therefore, Plaintiff may amend her complaint as requested.

circumstances giving rise to the Title VII and ACRA claims in the original complaint, those claims relate back. *See, e.g.*, *Stevelman v. Alias Rsch. Inc.*, 174 F.3d 79, 87 (2d Cir. 1999) ("Where no new cause of action is alleged, as here, this Court liberally grants relation back under Rule 15(c)."); *Estate of Zahau v. Shacknai*, No. 13-cv-1624-W(NLS), 2014 WL 988975, at *5 (S.D. Cal. Mar. 13, 2014); *Male v. Tops Mkts., LLC*, No. 08-CV-6234, 2011 WL 2421224, at *5 (W.D.N.Y. June 13, 2011).[2]

## CONCLUSION

For the reasons provided above, Cox's request for leave to amend is granted.

**IT IS THEREFORE ORDERED** that Plaintiff Nicole Cox's Motion to Amend Complaint (Doc. 36) is **GRANTED**. Plaintiff shall file and serve the First Amended Complaint on all parties pursuant to Rule 15 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of this Order.

Dated this 19th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge

---

[2] Rozakis requests that if Cox's Motion is granted the Court order Cox to pay his attorney's fees for filing his prior motion to dismiss or to defend against this Motion. (Doc. 41 at 1.) Rozakis, however, does not provide any legal justification or explanation for granting fees. *See* LRCiv54.2. Accordingly, Rozakis's request is denied without prejudice.